[No. 4633. Decided April 28, 1903.]

JERRY S. ROGERS, *Respondent*, v. JOHN TRUMBULL, *Appellant.*

APPEAL — MOTION TO DISMISS — NOTICE OF MOTION.— SUFFICIENCY OF SERVICE.

A certificate of service of a motion upon the attorney for defendant to the effect that the sheriff, having made diligent search for such attorney without being able to find him at his usual place of abode or anywhere else, had duly served the motion on said attorney by leaving a copy thereof under the door of a room which he believed to be the office of said attorney, is not a sufficient showing of service.

SAME — TIME OF SERVICE.

A motion to dismiss an appeal will not be considered, where the appellant has not had the ten days' notice required by the supreme court rules in such cases.

Appeal from Superior Court, Jefferson County.—Hon. GEORGE C. HATCH, Judge. Motion to dismiss denied.

*Trumbull & Trumbull,* for appellant.

*A. W. Buddress,* for respondent.

PER CURIAM.—A motion is made to dismiss the appeal in this case for the reason (1) that the appeal was not taken within the time provided by law; (2) that no copy of the appeal bond has been served. The appellant objects to taking up the motion at this time, for the alleged reason that he has not had the ten days' notice provided by rule 18 of this court. The notice would have been in time to have secured a hearing on the 27th of March, the day on which the appellant was cited to appear and answer the motion to dismiss, had it been filed as early as the 17th of March. The sheriff of Jefferson county certifies that he received said notice on the 17th; that he made due and

diligent search and inquiry to find A. H. Sawyer, one of appellant's attorneys, who resides in the city of Port Townsend, but that he was unable to find him at his usual place of abode or anywhere else; and that thereupon, on said 17th day of March, 1903, he duly served said motion and notice on said Sawyer by leaving a copy thereof under the door of a room in a building on Water street in said city of Port Townsend, which he believed to be the office of said Sawyer. This, we think, is not a sufficient showing of service. In addition to this, the affidavit of attorney Sawyer is to the effect that the first intimation he had of any motion to dismiss the appeal was on the morning of the 18th day of March, when a paper purporting to be such motion to dismiss said appeal was handed to him by H. Ballinger, at Ballinger's office, in the city of Port Townsend, and that at all of said times the attorneys for the respondent in said cause had actual knowledge of his said place of residence and of his said office. The affidavit of John Trumbull, the appellant, and one of the attorneys for the appellant, is to the effect that the notice was served upon him on the 18th day of March, by A. W. Buddress, attorney for the respondent; that the said Trumbull acknowledged the receipt of said copies as of the 18th day of March, on the original of said notice and motion, and signed the names of Trumbull & Trumbull and A. H. Sawyer to such acknowledgment; that this was the only service of such notice and motion upon the affiant or upon the firm of Trumbull & Trumbull. This affidavit is corroborated by the record, where, on the original notice, is found the following indorsement: "Copy of the foregoing motion and notice received this 18th day of March, 1903. (Signed) Trumbull & Trumbull and A. H. Sawyer, attorneys for appellant."

The appellant is entitled, under the rule, to ten days, and can not be compelled to discuss the matters at issue in the motion in less time. The motion is denied.